By the Court, Cowen, J.
Objections were taken below to the form in which the papers were directed to the clerk, and for want of its appearing that a copy of 2 R. 8. 315, § 24, 2rf erf. [§ 16, 1st erf.] had been annexed to the commission; but neither objection is well founded. The particular form of the direction, (if in any case essential, where *252 the package in fact reaches the proper officer’s hands,) need not be. pursued, except when direction is given for its return by a judge, &e. as required, by the previous section, 23, [§ 15 of Is# ed.] Here, the manner of return was provided for by stipulation.
The provision as to annexing a copy of the section of the statute, was with the view to a correct execution of the commission. If the execution be in fact correct, it is enough. Beside, the commissioners are no where required to certify their instructions; and if the fact were important, the court below were bound to presume that the copy had been annexed, till the contraiy appeared.
To the objection, that it did not appear by Eldridge’s affidavit that the papers had been closed up and sealed by the commissioner himself, the answer is, that he must be presumed to have done it himself, it appearing they were sealed up. The annexing them together by wafers was sufficient. A tape and seal were not necessary.
The objection, that it no where appears that the oath was ;publicly administered to the witness, is answered by the presumption that the commissioner administered in correct form, and he is not required to return the form.
It is 'also said, that only one commissioner subscribed the deposition, while the word, us, in the caption, denotes that both were present. It does not necessarily denote the presence of both; and the deposition being signed by only one, it must be intended that he alone executed the commission.
It is also objected, that the deposition is signed, S. Y. Chesley, when it should have been by his first name at length. But the abbreviation must be read with a view to the context, a part of which is, the annexed commission. That contains the name at length.
Commissioners under the act are, quoad hoc, officers of the court. Their return of evidence is, in effect, like an office copy made by the clerk of the very court to which he belongs. The court, knowing the real name of its officer, is every day in the habit of recognizing his signature *253 as valid, though his first name be denoted only by initials. It is on that principle, too, that they will presume the commissioner discharged his duty, by doing all those things, in the execution of the commission, which he is not bound to return specifically as done.
The objections so far examined, were made in the court below on the 10th of October. They were overruled, the court deciding that the deposition might be read in evidence to the jury. At this stage of the cause, it being the evening of the 10th, the court adjourned till 8 A. M. of the 11th, when the defendant’s counsel stated, he had two other objections to the admissibility of the deposition, which he proposed to offer for the consideration of the court. The opposite counsel insisted, that the objection should not be heard, as the court had already determined that the deposition should be read in evidence, and the court so decided.
Counsel have an unqualified light to raise what number of objections they please to the admission of testimony, whenever it is offered; and a very common course is, to hear and decide each objection severally. The right is very important, as it is entirely settled, that unless the objection be mentioned, it cannot, in general, be presented to the appellate tribunal, whether on error upon a bill of exceptions, or by way of motion for a new trial. The court of original jurisdiction have power to abridge the discussion, either by allowing the objection at once, or overruling it as frivolous, or limiting the discussion to an opening, answer, and reply, by one or more counsel. When they have decided an objection specifically made, they may refuse to open the question for farther discussion, or to reconsider it; but I doubt their power absolutely to decline the hearing of any objection which counsel may express a desire to present, until the testimony has been pronounced competent, and is in the progress of being read or otherwise submitted to the jury. It is not denied, that the additional objections might have been made, had not the court already decided, that the deposition was competent evi *254 dence, and should be submitted to the jury. But it should be added—“ notwithstanding the objections specified.” The court had not and could not have decided that other objections did not exist. Non constat that the counsel for the defendant had waived the right to add objections. He had mentioned quite a number, and the court had held them to be unfounded, and decided that they were not sufficient. I do not deny that they might refuse to reconsider their decision; but they gave it a broader construction than it would bear. Suppose that, on the counsel, mentioning the first of his seven objections, the court had at once overruled it, as they might have done, and added, “ the deposition must be readon the principle now contended for, they might, in this way, have cut off the other six objections; and, for aught I see, the more serious objections afterwards made to the form of certain interrogatories.
We have had occasion to observe some abuses from the vexatious multiplication of captious and frivolous exceptions, but cannot, for that reason, cut off or even qualify the right to take them at the proper stage of the cause, nor treat the right as waived, except iñ a very clear case. The character of the bar has been, and we have no doubt will continue to be, a guaranty against the general prevalence of such abuses;. and the few instances in which professional integrity or honor may fail to operate as a restraint, will become still fewer, in proportion as they shall be found unprofitable to the client, and injurious to the counsel’s reputation. In this remark I mean no allusion to any of the exceptions here taken, though I entirely concur in what has been said by Mr. Justice Washington, that counsel are not obliged, in any case, to make objections which go merely to form, and which are only calculated to produce delay, or turn the party round to another action. (Russell v. The Union Insurance Co., Wash. C. C. Rep. 441.)
In the progress of submitting the deposition to the jury, the defendant’s counsel farther objected severally to those parts of it which answered the third, fourth and *255 fifth interrogatories, on two grounds: first, because they were leading, and secondly, because the account, mentioned in those interrogatories, ought not to have been exhibited and given to the witness.
The account was properly put in the hands of the witness; for, the object of the interrogatories was to prove, among other things, that the defendant had acknowledged its correctness.
But we, think the court erred, in deciding that the interrogatories were proper to be put to the witness. It is scarcely denied that they were leading, being calculated throughout to- instruct the witness in what the plaintiffs desired him to answer. The stipulation, under which they were administered, saved all legal exceptions; and the statute, even when interrogatories are allowed by a judge, permits all questions of competency and credibility to be. raised on the trial, in the same manner, and with the like effect, as if the witness were on the stand. (2 R. S. 317, 2d ed. § 31.) Among other objections, it expressly allows those which respect the competency of any question put to him. The questions objected to as leading, were most material. I admit that error would hardly lie for allowing a leading question to be put, on a personal examination, though it were to the party’s own witness ; for the court have a discretion, on discovering that the witness for a party is unwilling to permit leading questions. We might intend, perhaps, that a proper case for such a course of examination existed, unless the court below should declare the contrary in the bill of exceptions. But here there is no chance for such intendment. •
Judgment reversed.